Maria Saling (SBN 306498)
*msaling@kingballow.com*
KING & BALLOW
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Telephone: (424) 253-1255
Facsimile: (888) 688-0482

Mark E. Hunt (*Pro Hac Vice To Be Filed*)
*mhunt@kingballow.com*
KING & BALLOW
26 Century Boulevard; Suite NT 700
Nashville, TN 37214
Telephone: (615) 259-3456
Facsimile: (888) 688-0482

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TEAM ROSSI MOTORSPORTS, LLC, California limited liability company; PIETER ROSSI, an individual; and ALEXANDER ROSSI, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL GESSER, an individual; ALASKA COFFEE ROASTING OF FLORIDA, LLC, a Florida limited liability company; ALASKA COFFEE ROASTING, INC. and DOES 1 through 30, inclusive <br><br> Defendants. | Case No. 3:24-cv-09393 <br><br> COMPLAINT FOR DAMAGES: <br><br> 1. First Breach of Contract <br> 2. Second Breach of Contract <br> 3. Intentional Interference with Prospective Economic Relations <br> 4. Intentional Interference with Contractual Relations <br> 5. Defamation Per Se/Libel <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiffs Team Rossi Motorsports, LLC ("TRM"), Pieter Rossi, and Alexander Rossi (collectively "Plaintiffs") bring this complaint for damages against Michael Gesser ("Gesser"), Alaska Coffee Roasting of Florida, LLC, and Alaska Coffee Roasting, Inc. (collectively with Gesser, "Defendants") and state the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1367 and 18 U.S.C. §§ 1030, 1836, and 1964(c)-(d);

2. This Court has personal jurisdiction over Defendants pursuant to Cal. Civ. Proc. Code § 410.10 and because Defendants agreed to the personal jurisdiction of this Court in Paragraph 11 of the Consulting Agreement described herein.  Specifically, Paragraph 11 of the Consulting Agreement between TRM and Defendants states:

> This agreement shall be governed by the laws of the State of California and any dispute shall be finally resolved by the Superior Court in and for the City and County of San Francisco or the United States District Court for the Northern District of California.

3. Venue in this court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district and because Defendants agreed to the venue of this Court in Paragraph 11 of the Consulting Agreement described herein and above.

## PARTIES

4. Plaintiff Team Rossi Motorsports is a California limited liability company doing business in Nevada County, California.

5. Plaintiff Pieter Rossi is an individual residing in Nashville, Tennessee.

6. Plaintiff Alexander Rossi is an individual residing in Indianapolis, Indiana.

7. Plaintiffs are informed and believe and thereon allege that Defendant Michael Gesser is an individual residing in the state of Florida.

8. Plaintiffs are informed and believe and thereon allege that Defendant Alaska Coffee Roasting of Florida, LLC is a Florida limited liability company, with its principal place of business located in North Miami, Florida.

9. Plaintiffs are informed and believe and thereon allege that Defendant Alaska Coffee Roasting of Florida, Inc. is an inactive Florida corporation with its principal place of business located in North Miami, Florida.

10. The names and capacities of Defendants DOES 1-30, inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of said defendants when ascertained. Plaintiffs are informed and believe and thereon allege that each fictitiously named defendant is legally responsible to Plaintiffs for the damages alleged herein.

## STATEMENT OF FACTS

11. TRM was formed as a limited liability company in California in 2005 to engage in the business of operating a marketing and consulting firm for the purpose of promoting the racing career of Alexander Rossi.

12. Pieter Rossi is the manager and a member of TRM and is the father of Alexander Rossi, a Formula 1 and Indy Car race car driver and proven winner, INDY 500 champion, Daytona 24 Hour winner and Baja 1000 Champion and champion in other forms of racing.

13. ARF1 Investment Fund, LLC ("ARF1") was established in 2009 to provide the necessary funds and resources to fund the costs associated with Alexander Rossi's racing endeavors and career and to maximize the business commercial and sporting opportunities afforded by Alexander Rossi's involvement in motorsports.

14. TRM has an obligation to pay ARF1 a percentage of Alexander Rossi's team driver salary, endorsements, image rights and funds generated by merchandise.

15. Micheal Gesser is the principal participant in Alaska Coffee Roasting of Florida, LLC, and Alaska Coffee Roasting, Inc. (collectively "ACR").

16. In 2009, Michael Gesser became a member of ARF1 and was provided with 3 Class B shares of ARF1.

17. On February 28, 2017, ACR and Gesser entered into a final consulting agreement with TRM to provide consulting and strategic advice to TRM (the "Consulting Agreement").

18. Gesser was an independent contractor for TRM under the Consulting Agreement and not an employee.

19. Gesser does not, and did not, have an ownership interest or equity position related to TRM and has and had no rights or privileges as an owner of TRM.

20. Under the Consulting Agreement, Gesser had a revenue sharing agreement with TRM and received 40 revenue share units which were tied to matching revenue of ARF1.

21. Ned Spieker ("Spieker") was brought in as a consultant to TRM after Gesser, under an amended and restated consulting and marketing agreement and he received revenue share units in TRM as well, which diluted and brought down Gesser's units in TRM from 40 units to 32 units; but extended the revenue share period for Gesser for an additional 4 years through March 30, 2030.

22. Paragraph 3 of the Consulting Agreement states, "TRM and Gesser aim to maximize the business, commercial and sporting opportunities afforded by Alexander Rossi's involvement in motorsport."

23. Paragraph 7 of the Consulting Agreement states:

> Gesser shall not disclose to any third party, and shall use his best efforts to prevent the publication and disclosure of any confidential information and trade secrets held by ARF1 or TRM unless: any use or disclosure is authorized by TRM or required by law; any such confidential information and/or trade secrets is/are already in, or come(s) into the public domain otherwise than through Gesser unauthorized use or disclosure.

A copy of the Consulting Agreement is attached hereto as **Exhibit 1.**

24. One Motorsport Marketing and Management, LLC ("One Motorsport") is a separate company from TRM and both Pieter Rossi and Alexander Rossi are affiliates of One Motorsport.

25. MAG Racing Consultants LLC ("MAG Racing") is a separate company from ACR, and ACR and Michael Gesser are affiliates of MAG Racing.

26. In order to resolve a dispute that was unrelated to motorsports, racing and Alexander Rossi's racing career between One Motorsport and MAG Racing, One Motorsport and MAG Racing entered into a Termination Agreement and Mutual Release (the "Mutual Release") in October 2024 whereby MAG Racing, in exchange for a negotiated sum, agreed to settle and release any and all claims between MAG Racing and One Motorsport.

27. Gesser executed the Mutual Release on behalf of MAG Racing and ACR as the "principal" of both business entities.

28. Plaintiff Pieter Rossi executed the Mutual Release on behalf of One Motorsport as its "principal."

29. Paragraph 5 of the Mutual Release states:

> The Parties agree, on behalf of itself and its **Affiliates**, that each shall not, directly or indirectly, make, affirm, adopt, authorize, permit, post, ratify, or publish any statements to third parties or the public, including, without limitation, on social media and traditional media, that may portray the other Party and/or its **Affiliates** in an adverse light or disparage, criticize, denigrate, defame, or reflect unfavorably upon the other Party and/or its **Affiliates**, or which could cause injury to a Party and or its **Affiliates**. (emphasis added)

A copy of the Mutual Release is attached hereto as **Exhibit 2.**

30. Paragraph 3 of the Mutual Release defines the "**Affiliates**" of One Motorsports to include "Alexander Rossi, Pieter Michel Rossi."

31. Paragraph 3 of the Mutual Release defines the "**Affiliates**" of MAG Racing as "Alaska Coffee Roasting Co. and Michael Gesser."

32. In the car racing business, drivers contract with racing teams in relation to their racing activities and have separate companies that sponsor teams that hire drivers to race their cars.

33. For the period from 2016 through 2022 Alexander Rossi was contracted through TRM with the Andretti racing team.

34. From 2023 through 2024, Alexander Rossi was contracted through TRM with the McLaren racing team.

35. On or about September 17, 2024, TRM and Alexander Rossi began a business relationship with a new racing team and TRM entered into a driver services agreement ("Driver Agreement")

with Ed Carpenter Racing ("Carpenter Racing") "[…] to provide the services of Alexander Rossi ('Driver'), a professional race car driver who has successfully driven race cars of varying types in sanctioned racing series events, to the benefit of TRM, Pieter Rossi and Alexander Rossi."

36. Under the Driver Agreement, TRM is eligible to receive a base fee, incentive bonuses and royalties and other economic benefits, potentially worth millions of dollars.

37. Through Carpenter Racing, Alexander Rossi is sponsored by Heartland Food Products Group d/b/a TC Heartland, LLC ("Heartland") and its brands Splenda and Java House.

38. The Splenda Brand is the most recognizable and iconic low-calorie sweetener brand in the world, having sold more than 100 billion yellow packets since its inception in 1991.

39. Java House is an innovative cold brew coffee brand known for premium coffee, which is sold through Walmart and Amazon, and Java House also owns and operates cafes in the Indianapolis and Lafeyette, Indiana markets.

40. The tradenames, trademarks and logos of these prestigious and high-profile sponsors will now be associated with TRM and Alexander Rossi.

41. On or about November 29, 2024, Gesser on behalf of ACR sent a "Demand Letter" to ARF1, TRM, One Motorsport, Ed Carpenter Racing, TC Heartland LLC, and Spieker.

42. The Demand Letter contained and asserted false, defamatory, libelous and disparaging statements related to TRM and, by association, Pieter Rossi and Alexander Rossi. A copy of the Demand Letter is attached hereto as **Exhibit 3.**

43. Defendants state, in the Demand Letter, that they were "induced" to invest in TRM and that TRM "failed to meet any of its material purposes as promised" which raised "legitimate issues of wrongdoing […]" Through these false allegations ACR and Gesser accuse TRM of wrongdoing, and by association, Pieter Rossi and Alexander Rossi.

44. In the Demand Letter, Defendants, citing Delaware General Corporation Law ("DGCL"), indicate that "proper purposes" under the DGCL are to "investigate allegedly improper transactions or mismanagement" and "clarify an unexplained discrepancy in the corporation's

financial statements," falsely implying such wrongful activities by TRM and, by association Pieter Rossi and Alexander Rossi.

45. Under the heading of "Financial Statement Fraud" in the Demand Letter, Defendants quote that:

> Financial Statement Fraud refers to the planned misrepresentation or manipulation of financial records provided in a corporation's monetary statements. This form of fraud generally entails altering or falsifying accounting records, misstating revenues or expenses, manipulating asset or liability valuations, or providing deceptive disclosures.

46. Defendants then quote further that:

> The aim is often to lie to traders, lenders, regulators, or other stakeholders about the organization's actual monetary circumstance to obtain a few economic advantages. Examples include inflating income, understating prices, hiding liabilities, or manipulating reserves and provisions. Such frauds will have intense outcomes, including crooked regulatory results, loss of investor self-belief, and harm to the enterprise's recognition.

47. By making the false statements in Paragraphs 45 and 46 above, ACR and Gesser wrongfully impute such wrongdoing to TRM and, by association, Pieter Rossi and Alexander Rossi.

48. Under the heading, "Corporate Officer Conflict of Interest" in the Demand Letter, Defendants state "[a]n individual director has taken advantage of the Company through compensation, self-dealing, stealing, insider trading, accepting bribes or appropriating opportunities for personal benefit." ACR and Gesser wrongfully and falsely impute these fraudulent activities to TRM and, by association, Pieter Rossi and Alexander Rossi.

49. In the section entitled "Breach of Contract" in the Demand Letter, ACR and Gesser make the following false assertions that (i) TRM "calculatedly and continually broke its material promises that resulted in the significant attenuation of my ROI […]" (ii) TRM is "at risk facing [sic] significant consequences for not fulfilling its promise to provide meaningful accounting to avoid a breach of contract […]" (iii) TRM's "smoke and mirror approach to avoid standard

accounting practices […]" and (iv) "This complicit error of not providing regular meaningful accounting is not harmless and must be scrutinized."

50. Under the heading of "Conflict of Interest" in the Demand Letter, ACR and Gesser include both Carpenter Racing and Heartland, the new racing team and sponsor of Alexander Rossi and TRM, in the false allegations that:

(i) The parent Company triggered a significant COI [Conflict of Interest] due to providing an unwarranted windfall to 3 other known corporations and entities, TEAM ROSSI MOTORSPORTS, LLC., ONE MOTORSPORTS MARKETING AND MANAGEMENT, LLC., and ED CARPENTER RACING, LLC., partnered with TC HEARTLAND, LLC., owner, Teodor H. Gelov, the manufacturer of Splenda—Java House brands […]
(ii) In particular, perhaps the management of ED CARPENTER RACING, LLC., that is partnered with TC HEARTLAND, LLC., owner, Teodor H. Gelov, the manufacturer of Splenda—Java House brands did not conduct due diligence that should have easily revealed that I have a significant equity position in Alexander Rossi […]
(iii) Not depositing all revenue generated by the Brand into the parent Company's bank account is directly causing a serious COI [Conflict of Interest."

51. ACR and Gesser falsely impute the wrongful activities alleged in Paragraphs 49, and 50 above, to TRM and, by association, Pieter Rossi and Alexander Rossi.

52. Through the statements made in Paragraph 50 above, ACR and Gesser directly and wrongfully involve and implicate the new racing team and sponsor of Alexander Rossi, Carpenter Racing and Heartland respectively, in the fraudulent and wrongful activities alleged in the Demand Letter.

53. On December 2 and 3, 2024, representatives of Carpenter Racing, Heartland and Spieker received FedEx deliveries of the Demand Letter from ACR and Gesser, which required signatures for delivery, and which caused concern, confusion, consternation, and doubt by Carpenter Racing, Heartland and Spieker regarding their relationship with TRM and Alexander Rossi.

54. As a result of ACR's and Gesser's Demand Letter and actions, TRM and Pieter Rossi had to have numerous calls and other communications on a continual and ongoing basis with Ed Carpenter at Carpenter Racing and Spieker in an attempt to mitigate the damage done by the

Demand Letter to the business relationships among Carpenter Racing, Spieker, Heartland, TRM and Alexander Rossi.

55. Since the delivery of the Demand Letter to Carpenter Racing, Heartland and Spieker in early December 2024, TRM and Pieter Rossi have worked diligently with Ed Carpenter and Carpenter Racing, expending time and resources, to avoid disruptions to its driver team caused by the Demand Letter, damage to its relationship with Heartland, to limit media attention and distractions and other damage to the team and its overall performance caused by the illegitimate Demand Letter of ACR and Gesser.

56. On December 17, 2024, in correspondence to separate counsel for TRM, ACR and Gesser threatened to sue Carpenter Racing, Heartland, Spieker, and other entities and persons, if certain demands are not met within 5 days of the date of the letter.

57. As stated previously, the Consulting Agreement at Paragraph 7 prohibits ACR and Gesser from disclosing the confidential information and trade secrets of TRM and ARF1, including ACR and Gesser disclosing to unrelated third parties the business dealings and arrangements between and among TRM, ARF1, ACR and Gesser.

58. The Demand Letter through its contents disclosed and revealed to third parties the confidential and trade secret information held by TRM and ARF1 in a confidential and private manner, relating to their businesses and business activities.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

[Breach of Consulting Agreement]

59. Plaintiffs repeat and reallege each allegation contained in the paragraphs of the Complaint as if set forth in full herein.

60. On February 28, 2017, TRM and Defendants entered into the Consulting Agreement as described herein and attached as **Exhibit 1**.

61. ACR and Gesser breached their obligations under Paragraph 3 of the Consulting Agreement by failing to maximize the business commercial and sporting opportunities afforded by Alexander Rossi's involvement in motorsport.

62. In violation and direct contravention of Paragraph 3, ACR and Gesser, instead of maximizing the business interests of TRM and Alexander Rossi, damaged and interfered with those business interests through the Demand Letter ACR and Gesser sent directly to Carpenter Racing, Heartland, Spieker and other entities and persons.

63. ACR and Gesser violated and breached Paragraph 7 of the Consulting Agreement when ACR and Gesser disclosed confidential information and trade secrets of TRM and ARF1 to Carpenter Racing, Heartland, Spieker, and other entities and persons, through the Demand Letter sent by ACR and Gesser to those entities and persons.

64. TRM has fully performed all of its covenants and obligations under the Consulting Agreement except those obligations TRM was prevented or legally excused from performing.

65. As a direct and proximate result of Gesser's breaches of the Consulting Agreement as described herein, Plaintiffs have been damaged in an amount to conform to proof at trial, but more than $75,000, plus interest and costs as allowed by law.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**

[Breach of Termination Agreement and Mutual Release]

66. Plaintiffs repeat and reallege each allegation contained in the paragraphs of the Complaint as if set forth in full herein.

67. In October of 2024, ACR entered into the Mutual Release as described herein and attached as **Exhibit 2**.

68. ACR and Gesser, who were signatories to the Mutual Release, breached the Mutual Release by failing to honor Paragraph 5 of the Mutual Release, which prohibits Defendants and their **Affiliates**, including ACR and Gesser, from making statements that disparage, criticize, denigrate, defame, or reflect unfavorably upon One Motorsport or any of its **Affiliates**, which includes Pieter Rossi and Alexander Rossi.

69. The Demand Letter which was sent by ACR and Gesser to Carpenter Racing, Heartland, Spieker, and other entities and persons, made disparaging and false statements about the **Affiliates**

of One Motorsport, Pieter Rossi and Alexander Rossi, directly and by implication, which disparage, criticize, denigrate, defame, or reflect unfavorably on Pieter Rossi and Alexander Rossi.

70. One Motorsport has fully performed all of its covenants and obligations under the Mutual Release except those obligations it was prevented or legally excused from performing.

71. As **Affiliates** of One Motorsport, Pieter Rossi and Alexander Rossi have fully performed all of their covenants and obligations under the Mutual Release except those obligations they were prevented or legally excused from performing.

72. As a direct and proximate cause of Defendants' breaches of the Mutual Release as described herein, Plaintiffs have been damaged in an amount to conform to proof at trial, but more than $75,000, plus interest and costs as allowed by law.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

[Intentional Interference with Prospective Economic Relations]

73. Plaintiffs repeat and reallege each allegation contained in the paragraphs of the Complaint as if set forth in full herein.

74. Plaintiffs primarily derive their revenue from economic relationships with third-party partners, sponsors, and investors.

75. TRM entered into a Driver Agreement on September 19, 2024, with Carpenter Racing, under which TRM would receive driver base fees, incentive bonuses, royalties, and other economic benefits, to the benefit of TRM, Pieter Rossi and Alexander Rossi.

76. Heartland, through Carpenter Racing, provides high profile endorsements to TRM and Alexander Rossi in relation to Splenda products and Java House, which provide TRM, Pieter Rossi and Alexander Rossi with economic benefits and advantages in their business.

77. TRM maintains a contractual and business relationship with Spieker, which provides TRM, Pieter Rossi and Alexander Rossi with economic benefits and advantages in their business.

78. At all relevant times, Defendants had knowledge of the economic and contractual relationships Plaintiffs had with their partners, sponsors, and investors, including with Carpenter Racing, Heartland, and Spieker.

79. By the conduct of Defendants described herein, including sending the Demand Letter to Carpenter Racing, Heartland, and Spieker and other entities and persons, Defendants intended to disrupt the economic relationships Plaintiffs had with third party partners, sponsors, and investors, including with Carpenter Racing, Heartland, Spieker and other entities and persons.

80. On December 2 and 3, 2024, representatives of Carpenter Racing, Heartland and Spieker received FedEx deliveries of the Demand Letter from ACR and Gesser, which required signatures for delivery, and which caused concern, confusion, consternation, and doubt by Carpenter Racing, Heartland and Spieker regarding their relationship with TRM and Alexander Rossi.

81. As a result of ACR's and Gesser's Demand Letter and actions, TRM and Pieter Rossi had to have numerous calls and other communications on a continual and ongoing basis with Ed Carpenter at Carpenter Racing, and Spieker in an attempt to mitigate the damage done to the business relationships among Carpenter Racing, Spieker, Heartland, TRM and Alexander Rossi, by the Demand Letter.

82. Since the delivery of the Demand Letter to Carpenter Racing, Heartland and Spieker in early December 2024, TRM and Pieter Rossi have worked diligently with Ed Carpenter and Carpenter Racing, expending time and resources, to avoid disruptions to its team drivers caused by the Demand Letter, damage to its relationship with Heartland, to limit media attention and distractions and other damage to the team and its overall performance caused by the Demand Letter of ACR and Gesser.

83. Plaintiffs were damaged by the intentional disruption and interference with Plaintiffs' prospective economic relations with Carpenter Racing, Heartland, Spieker, and other entities and persons.

84. Defendants' conduct described herein is the proximate cause of more than $75,000 in damages to Plaintiffs.

85. Defendants' aforementioned acts were without justification or privilege, and were fraudulent, willful and malicious, justifying an award of punitive damages.

**FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

[Intentional Interference with Contractual Relations]

86. Plaintiffs repeat and reallege each allegation contained in the paragraphs of the Complaint as if set forth in full herein.

87. TRM maintains a contractual relationship with Carpenter Racing in the form of the Driver Agreement, to the benefit of TRM, Pieter Rossi and Alexander Rossi.

88. TRM maintains a contractual and business relationship with Spieker which provides TRM, Pieter Rossi and Alexander Rossi with economic benefits and advantages in their business.

89. Defendants have at all relevant times had knowledge of TRM's contract with Carpenter Racing and Spieker.

90. TRM maintains a contractual and business relationship with Spieker, which proves TRM, Pieter Rossi and Alexander Assi with economic benefits and advantages in their business.

91. Defendants' act in sending the Demand Letter was intended to induce a breach or disruption of Plaintiffs' contractual relations with Carpenter Racing and Spieker.

92. On December 2 and 3, 2024, representatives of Carpenter Racing, Heartland and Spieker received FedEx deliveries of the Demand Letter from ACR and Gesser, which required signatures for delivery, and which caused concern, confusion, consternation, and doubt by Carpenter Racing, Heartland and Spieker regarding their relationship with TRM and Alexander Rossi.

93. As a result of ACR's and Gesser's Demand Letter and actions, TRM and Pieter Rossi had to have numerous calls and other communications on a continual and ongoing basis with Ed Carpenter at Carpenter Racing, and Spieker in an attempt to mitigate the damage done to the business relationships among Carpenter Racing, Spieker, Heartland, TRM and Alexander Rossi, by the Demand Letter.

94. Since the delivery of the Demand Letter to Carpenter Racing, Heartland and Spieker in early December 2024, TRM and Pieter Rossi have worked diligently with Ed Carpenter and Carpenter Racing, expending time and resources, to avoid disruptions to its team drivers caused by the Demand Letter, damage to its relationship with Heartland, to limit media attention and

distractions and other damage to the team and its overall performance caused by the Demand Letter of Gesser and ACR.

95. Plaintiffs were damaged by disruption of and interference with the Driver Agreement with Carpenter Racing in amounts according to proof at trial, and in excess of $75,000.

96. The aforementioned acts of Defendants were without justification or privilege, and were fraudulent, willful and malicious, justifying an award of punitive damages.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

[Defamation Per Se/ Libel]

97. Plaintiffs repeat and reallege each allegation contained in the paragraphs of the Complaint as if set forth in full herein.

98. In the Demand Letter, ACR and Gesser made and provided false statements and defamatory and libelous information to Carpenter Racing, Heartland, Spieker, and other entities and persons, falsely accusing TRM, and, by implication and association, Pieter Rossi and Alexander Rossi, of engaging in wrongdoing, including inducing investments, improper transactions and mismanagement, discrepancies in financial statements, misrepresentation, manipulation of financial records, fraud, falsifying accounting records, lying, hiding liabilities, conflicts of interest, self-dealing, stealing, breaking material promises and a smoke and mirror approach to avoid standard accounting practices, among other false, defamatory and libelous statements in the Demand Letter.

99. Carpenter Racing, Heartland, Spieker, and other entities and persons reasonably understood that the statements were about TRM, and by association Pieter Rossi and Alexander Rossi

100. Carpenter Racing, Heartland, Spieker, and other entities and persons reasonably understood the statements to mean that TRM, and, by association, Pieter Rossi and Alexander Rossi, engaged in wrongful conduct, as detailed above.

101. None of ACR's and Gesser's defamatory statements made against TRM and, by association, Pieter Rossi and Alexander Rossi, are true. Each of these statements by ACR and

1  Gesser were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. ACR and Gesser published these statements knowing them to be false and unsubstantiated by any reasonable investigation.

102. The statements by ACR and Gesser, as described herein, were made with hatred and ill will towards TRM, and, by association, Pieter Rossi and Alexander Rossi, and with the design and intent to injure TRM, Pieter Rossi and Alexander Rossi, including their good names and their reputations. ACR and Gesser published these statements not with an intent to protect any interest intended to be protected by privilege but with negligence, recklessness, and/or an intent to injure Plaintiffs and destroy their reputations. Therefore, no privilege existed to protect ACR and Gesser from liability for any of these aforementioned statements.

103. As a direct and proximate result of the publication of these false, defamatory and libelous statements by ACR and Gesser, Plaintiffs have suffered injury to their personal, business, and professional reputations including suffering embarrassment, humiliation, and significant economic loss in the form of lost income related to the Driver Agreement with Carpenter Racing, the sponsorship of Heartland, the business relationships with Spieker and other entities and persons, and general damage in amount to be proven at trial, and in excess of $75,000.

104. The aforementioned acts of Defendants were fraudulent, willful and malicious, without justification or privilege, justifying an award of punitive damages.

WHEREFORE, Plaintiffs pray for judgment and relief, as follows:

1. For Judgment in favor of Plaintiffs and against Defendants;
2. For damages in amounts according to proof at trial;
3. For an injunction under the 3rd, 4th, and 5th causes of action, preventing Defendants from engaging in the wrongful actions alleged therein.
4. For punitive damages on the 3rd, 4th, and 5th causes of action, to punish Defendants for their fraudulent, willful, and malicious conduct, and to deter such conduct in the future, in an amount according to proof at trial;

5. For reasonable attorneys fees and costs of suit as incurred herein;

6. For pre-judgment and post-judgment interest;

For such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiffs respectfully demand a jury trial on all issues raised in this Complaint.

Dated: December 24, 2024						KING & BALLOW

							By:	/s/ Maria E. Saling
								MARIA E. SALING
								MARK E. HUNT *(Pro Hac Vice To Be Filed)*

								*Attorneys for Plaintiffs*