UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TEAM ROSSI MOTORSPORTS, LLC, California limited liability company; PIETER ROSSI, an individual; and ALEXANDER ROSSI, an individual<br>    Plaintiffs,<br> vs.<br><br>MICHAEL GESSER, an individual; ALASKA COFFEE ROASTING OF FLORIDA, LLC, a Florida limited liability company; ALASKA COFFEE ROASTING, INC. and DOES 1 through 30, inclusive.<br>    Defendants. | Case Number: 3:24-cv-09393-WHO<br><br>**PLAINTIFFS' AND COUNTER-DEFENDANTS' CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| MAG RACING CONSULTANTS, LLC, a Nevada limited liability company; and MICHAEL GESSER, an individual<br>    Counterclaimants,<br> vs.<br>TEAM ROSSI MOTORSPORTS, LLC, California limited liability company; PIETER ROSSI, an individual; ALEXANDER ROSSI, an individual; ARF1 INVESTMENT FUND, LLC, a Delaware limited liability company; ONE MOTORSPORTS MARKETING AND MANAGEMENT, LLC, a Nevada limited liability company; HEARTLAND FOOD PRODUCTS GROUP d/b/a TC HEARTLAND LLC, an Indiana limited liability company; ED CARPENTER RACING, LLC, an Indiana limited liability company; and NED SPIEKER, an individual,<br>    Counterdefendants. | |

The Plaintiffs and Counter-Defendants to the above-entitled action submit this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.   Jurisdiction & Service:**

*Subject Matter Jurisdiction:*

Plaintiffs contend that this Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1332, 1367 and 18 U.S.C. §§ 1030, 1836, and 1964(c)-(d).

*Personal Jurisdiction and Venue:*

Counter-Defendants Ed Carpenter Racing, LLC ("Carpenter Racing"), Heartland Food Products Group d/b/a TC Heartland, LLC ("Heartland"), and One Motorsports Marketing and Management, LLC ("One Motorsports") contend that this Court lacks personal jurisdiction over them because none of them are domiciled in the state of California and they have no licenses, real property, bank accounts, corporate records, or places of businesses in California. They also do not direct their activities toward California or purposefully avail themselves of the privilege of conducting activities in California, nor do any of Counterclaimants' claims arise out of any conduct that occurred in California. Counter-Defendants Carpenter Racing, Heartland, and One Motorsports have filed motions to dismiss on these grounds, among others.

Counter-Defendant ARF1 Investment Fund, LLC ("ARF1") contends that venue is improper because Counterclaimants' claims against ARF1 arise from an agreement ("ARF1 Agreement") where Counterclaimants and ARF1 agreed that proper venue is in the State of Delaware. Specifically, the ARF1 Agreement states, "[t]his Subscription Agreement will be governed by and construed in accordance with the laws of the State of Delaware. The venue for any legal action under this Agreement will be in the proper forum in the State of Delaware." Counter-Defendant ARF1 filed a motion to dismiss on these grounds, among others.

**2.   Facts:**

*Plaintiffs' Statement of Facts:*

Plaintiffs Team Rossi Motorsports, LLC ("TRM"), Pieter Rossi, and Alexander Rossi, filed their initial Complaint for Damages in this matter on December 24, 2024 ("Complaint").

[ECF No. 1]. Pieter Rossi is a principal in TRM and is Alexander Rossi's father. The Complaint stated causes of action against Defendants Michael Gesser, Alaska Coffee Roasting of Florida, LLC, and Alaska Coffee Roasting, Inc. for breach of contract, intentional interference with prospective economic relations, intentional interference with contractual relations, and defamation per se/libel. [ECF No. 1]. Plaintiffs' causes of action are restated in the First Amended Complaint for Damages filed January 22, 2025 ("Amended Complaint"). [ECF No. 39]. Plaintiffs Amended Complaint more fully sets forth the factual background originally alleged in the Complaint. As demonstrated in the Amended Complaint, Plaintiffs' causes of action arise principally out of Defendants' November 29, 2024 letter ("Demand Letter") sent to ARF1, TRM, Pieter Rossi, and various other third-parties, including Plaintiffs' partners, investors, and sponsors. The Demand Letter contained and asserted false, defamatory, libelous and disparaging statements related to Plaintiff TRM and, by association, Plaintiffs Pieter Rossi and Alexander Rossi. The false, defamatory and libelous statements contained in the Demand Letter regarding TRM, and by implication and association Pieter Rossi and Alexander Rossi, were communicated to third parties. The Demand Letter also disclosed confidential information of TRM and ARF1 to the third parties.

      The Demand Letter was sent to the new racing team where Alexander Rossi would be a driver, Carpenter Racing. TRM, Pieter Rossi and Alexander Rossi had established and begun a new business and contractual relationship with Carpenter Racing prior to Carpenter Racing's receipt of the Demand Letter. Through Carpenter Racing, Alexander Rossi is sponsored by Heartland and its brands Splenda and Java House. The Demand Letter was also sent to Heartland. Warren "Ned" Spieker ("Spieker") is an independent contractor consultant with TRM and he is a revenue sharing participant in TRM and Class B Member in ARF1. Spieker also received the Demand Letter. The Demand Letter was sent to Carpenter Racing, Heartland and Spieker by Defendants/Counterclaimants to interfere with the prospective economic relations and contracts that TRM, Pieter Rossi and Alexander Rossi established and maintained with Carpenter Racing, Heartland and Spieker.

The original Counterclaim was filed on January 16, 2025, by Defendants against TRM, Pieter Rossi, Alexander Rossi, One Motorsports, ARF1, Carpenter Racing, Heartland and Spieker. Then, on January 30, 2025, the Counter-Plaintiffs effectively repackaged their Counterclaim and filed their Amended Counterclaim. The same recklessness Defendants exhibited in the November 29, 2024 Demand Letter, which precipitated the present controversy, is also displayed in both the Counterclaim and Amended Counterclaim. The Amended Counterclaim is procedurally flawed, is based on inaccurate statements, caused delay, and further harmed Plaintiffs by unnecessarily increasing the cost of litigation. Counter-Plaintiffs have brought the meritless Amended Counterclaim against Carpenter Racing, Heartland and Spieker (collectively the "Third Party Defendants") for the improper purpose of further intentionally interfering with TRM, Pieter Rossi and Alexander Rossi's prospective economic relations with the Third Party Defendants, to intentionally interfere with TRM, Pieter Rossi and Alexander Rossi's contractual relations and to further defame and liable TRM, Pieter Rossi and Alexander Rossi to the Third Party Defendants.

*Counter-Defendant ARF1's Statement of Facts:*

ARF1 is a business investment fund, which was formed in order to fund professional athlete and race car driver, Alexander Rossi, for participation in Formula 1 or another senior level in motorsports. The use of the funds through ARF1 is to provide a portion of the resources necessary to fund Alexander Rossi's career as a race car driver. ARF1 made an offering for a specified number of Class A and Class B membership units to be purchased by investors. Each potential investor received a private placement memorandum ("PPM" or "ARF1 Agreement") that described how the funds would be used and how ARF1 would share in all of Alexander Rossi's earnings during the first ten years that he earns a driver salary, which concludes March 31, 2026. Alexander Rossi's earnings to be shared with ARF1 include his driver's salary obtained through driver services agreements with race teams, income through merchandise sales and personal endorsements (personal sponsorships). Investors were cautioned that the purchase of ARF1 membership units involved "a high degree of risk" and that "only those investors who can bear the loss of their entire investment should invest in these units," and that the projections made were forward-looking statements, not guarantees of an expected return on investment, or any return on investment. The

investors acknowledged their understanding of the risk of potentially losing their entire investment, that no guarantees were made to them regarding an expected return on their investment and represented that they were suitable investors who could bear such a risk. Investors were additionally informed that the full contents of the PPM were considered confidential information and that by receiving the PPM and signing the subscription agreement contained therein, they acknowledged that the contents of the PPM, including the cost of each unit being offered in the PPM were considered confidential information. The PPM further explained that Alexander Rossi is managed by Team Rossi Motorsports, LLC ("TRM"), and that "TRM is responsible for driver contract negotiations, team selections, race series platform, promotional, and all [public relations] activities." In its role as manager for Alexander Rossi, TRM engaged in driver services agreements on behalf of Alexander Rossi, with Manor Formula 1 Team (2025) and IndyCar racing teams such as Andretti Autosport (race seasons 2016-2022) and Arrow McLaren (race seasons 2023-2024), and Counter-Defendant Carpenter Racing for the 2025 race season. Lastly, the ARF1 Agreement sets choice of law and venue in the State of Delaware. Defendant Michael Gesser received and signed the PPM and attached it as Exhibit 1 to his Amended Counterclaim.

*Counter-Defendant Carpenter Racing's Statement of Facts:*

Carpenter Racing is in the business of developing, racing, and testing motor vehicles designated for the NTT IndyCar racing series. In September 2024, Heartland Food Products Group, d/b/a TC Heartland, LLC ("Heartland") and its brands Splenda and Java House joined Carpenter Racing as a sponsor for and of Carpenter Racing and its drivers.

Carpenter Racing is one of the eleven full-time teams for IndyCar's 2025 season. In pursuit of building a winning team, Carpenter Racing entered into a driver services agreement with Team Rossi Motorsports, LLC ("TRM"), Alexander Rossi's management company ("Driver Agreement"). The Driver Agreement was entered into in September of 2024 and is "[…] to provide the services of Alexander Rossi ('Driver'), a professional race car driver who has successfully driven race cars of varying types in sanctioned racing series events."

Alexander Rossi then became one of Carpenter Racing's three drivers for the 2025 IndyCar season. Through this relationship, Carpenter Racing's partner, Heartland and its prestigious and

high-profile brands Splenda and Java House, became sponsors of Alexander Rossi. Carpenter Racing received a Demand Letter, dated November 29, 2024 ("Demand Letter") directed to ARF1 Investment Fund, LLC ("ARF1") and Team Rossi Motorsports, LLC ("TRM") from Counter-Plaintiff Michael Gesser. The Demand Letter contained several pages of inflammatory accusations and disparaging statements related to TRM and, by association, Pieter Rossi and Alexander Rossi. Carpenter Racing had no involvement in, and was not a target of, the disparaging statements made in the Demand Letter and was merely a recipient of the Demand Letter.

*Counter-Defendant Heartland's Statement of Facts:*

In September 2024, Heartland Food Products Group, d/b/a TC Heartland, LLC ("Heartland") and its brands Splenda and Java House joined Carpenter Racing as a sponsor for and of Carpenter Racing and its drivers. Heartland has no contractual relationship, nor business dealings with Counter-Plaintiffs MAG Racing, Gesser, Alaska Coffee Roasting of Florida, LLC or Alaska Coffee Roasting, Inc. Heartland received a Demand Letter, dated November 29, 2024 ("Demand Letter") directed to ARF1 Investment Fund, LLC ("ARF1") and Team Rossi Motorsports, LLC ("TRM") from Counter-Plaintiff Michael Gesser. The Demand Letter contained several pages of inflammatory accusations and disparaging statements related to TRM and, by association, Pieter Rossi and Alexander Rossi. Heartland had no involvement in, and was not a target of, the disparaging statements made in the Demand Letter and was merely a recipient of the Demand Letter.

*Counter-Defendant One Motorsports Statement of Facts:*

One Motorsports is a motorsport management and advisory firm that manages and promotes several talented race car drivers. Pieter Rossi and Alexander Rossi are the principals of One Motorsports and formed the company to help give young, less established race car drivers opportunities to reach the top levels of racing. One Motorsports manages these drivers and provides guidance on long-range career planning, as well as consultation on how to attain the financial backing required to achieve their goals in an otherwise cost-prohibitive sport. One Motorsports also works directly with racing teams and racing series, such as Formula 1, IndyCar and NASCAR, to acquire sponsorships. One Motorsports does not manage the racing career or

opportunities of Alexander Rossi, those responsibilities are handled by TRM. One Motorsports has no involvement in or with Alexander Rossi's car racing activities, including any revenue generated by those activities.

On or about March 7, 2024, One Motorsports entered into a joint venture agreement ("Joint Venture") to invest in a technology venture with MAG Racing Consultants, LLC ("MAG Racing"). The Joint Venture was terminated approximately seven months later on October 29, 2024, when One Motorsports bought MAG Racing out of the joint venture on agreed terms in a Termination and Mutual Release Agreement ("Mutual Release"). One Motorsports and MAG Racing formally terminated the Joint Venture by entering into the Mutual Release, in which Counter-Plaintiffs Michael Gesser ("Gesser") and Alaska Coffee Roasting Co. ("Alaska Coffee Roasting") were named as affiliates of MAG Racing, and Plaintiffs Pieter Rossi and Alexander Rossi were named as affiliates of One Motorsports. The Mutual Release specifically provided that the affiliates of MAG Racing and One Motorsports were to be bound by, and be beneficiaries of, the non-disparagement provision under Section 5 of the Mutual Release. One Motorsports otherwise has no contractual relationship, nor business dealings with Counter-Plaintiffs MAG Racing, Gesser, Alaska Coffee Roasting of Florida, LLC or Alaska Coffee Roasting, Inc.

One Motorsports received a demand letter, dated November 29, 2024 ("Demand Letter") directed to ARF1 Investment Fund, LLC ("ARF1") and Team Rossi Motorsports, LLC ("TRM") from Counter-Plaintiff Michael Gesser. Since One Motorsports had formally ended its relationship with Counter-Plaintiffs MAG Racing and Gesser on October 29, 2024, One Motorsports, as with the other third parties that received the inflammatory Demand Letter, has no relationship with Counter-Plaintiffs. The Demand Letter contained several pages of inflammatory accusations and disparaging statements related to TRM and, by association, Pieter Rossi and Alexander Rossi. One Motorsports had no involvement in, and was not a target of, the disparaging statements made in the Demand Letter and was merely a recipient of the Demand Letter.

*Counter-Defendant Warren "Ned" Spieker's Statement of Facts:*

Spieker is a single Class B Member of ARF1, from which, he purchased his membership units directly. Spieker is also a consultant and revenue sharing participant of TRM, from which,

he purchased his revenue sharing units directly, and to which he provides consulting services directly. Spieker's consulting agreement and revenue sharing participation with TRM does not involve any other parties, including Defendants/Counterclaimants. Ned Spieker received a Demand Letter, dated November 29, 2024 ("Demand Letter") directed to ARF1 Investment Fund, LLC ("ARF1") and Team Rossi Motorsports, LLC ("TRM") from Counter-Plaintiff Michael Gesser. The Demand Letter contained several pages of inflammatory accusations and disparaging statements related to TRM and, by association, Pieter Rossi and Alexander Rossi. Ned Spieker had no involvement in, and was not a target of, the disparaging statements made in the Demand Letter and was merely a recipient of the Demand Letter.

3. **Legal Issues:**

Plaintiffs have asserted claims against Defendants for breach of contract; tortious interference with prospective economic relations; intentional interference with contractual relations; and Defamation. The primary legal disputes arising from Plaintiffs' First Amended Complaint are:

- Whether Defendants' conduct is a breach of their obligations under the Consulting Agreement;
- Whether Defendants' statements in their Demand Letter disparaged Pieter and/or Alexander Rossi in violation of the Mutual Release of which Pieter and/or Alexander Rossi, as Affiliates, are intended beneficiaries;
- Whether Defendants' statements in their Demand Letter disclosed confidential information of Plaintiffs and/or ARF1 to third parties in violation of the Consulting Agreement;
- Whether Defendants' conduct intentionally interfered with Plaintiffs' prospective economic and contractual relations;
- Whether Defendants' statements in their Demand Letter constitute defamation of Plaintiffs;

- Whether Defendants' conduct warrants a preliminary and permanent injunction prohibiting Defendants and all those acting in concert with them from interfering with Plaintiffs' prospective economic and contractual relations;
- Whether Defendants' conduct warrants a preliminary and permanent injunction prohibiting Defendants from defaming and disparaging Plaintiffs;
- Whether Defendants' conduct warrants a preliminary and permanent injunction prohibiting Defendants from disclosing the confidential information of TRM and/or ARF1;
- Whether Defendant's conduct warrants the imposition of punitive damages; and
- Whether Plaintiffs are entitled to reasonable attorneys' fees, costs and expenses.

Defendants and Counter-Plaintiffs have asserted claims against Plaintiffs and Counter-Defendants ARF1, Carpenter Racing, Heartland, One Motorsports, and Spieker for breach of contract; intentional interference with prospective economic relations; intentional interference with contractual relations; breach of fiduciary duty; unjust enrichment; and fraudulent inducement. The primary legal disputes arising from Defendants' and Counter-Plaintiffs' First Amended Counterclaim are:

- Whether the free-standing First Amended Counterclaim is a proper pleading;
- Whether the Court lacks personal jurisdiction over Counter-Defendants Carpenter Racing, Heartland, and One Motorsports;
- Whether venue is proper for claims against Counter-Defendant ARF1;
- Whether joinder of Counter-Defendants ARF1, Carpenter Racing, Heartland, One Motorsports, and Spieker is required under Rule 19 of the Federal Rules of Civil Procedure;
- Whether the Amended Counterclaim asserts claims on which relief can be granted.

4. **Motions:**

All pending motions and their current status are as follows:

| ECF No. | Motion | Response | Reply | Hearing Date |
|---|---|---|---|---|
| 49 | Defendants' Pre-Answer Motion | Filed 2/11/2025 ECF No. 55 | No Reply Filed | 4/30/2025 |

| | | | | |
|---|---|---|---|---|
| | | to Dismiss First Amended Complaint | | | |
| 52 | Plaintiffs' Motion to Dismiss Amended Counterclaim | Filed 2/10/2025 ECF No. 54 | Filed 2/14/2025 ECF No. 56 | 4/30/2025 |
| 58 | Counter-Defendant Ed Carpenter Racing, LLC's Motion to Dismiss Amended Counterclaim | No Response Filed | Notice of Non-Opposition Filed 3/14/2025 ECF No. 74 | 4/30/2025 |
| 59 | Plaintiffs' Motion for Sanctions | Filed 2/27/2025 ECF No. 61 | Filed 3/7/2025 ECF No. 66 | 4/30/2025 |
| 62 | Counter-Defendant Heartland Food Products Group d/b/a TC Heartland, LLC's Motion to Dismiss Amended Counterclaim | Filed 3/3/2025 ECF No. 63 | Filed 3/14/2025 ECF No. 72 | 4/30/2025 |
| 64 | Counter-Defendant ARF1 Investment Fund, LLC's Motion to Dismiss Amended Counterclaim | Filed 3/10/2025 ECF No. 67 | Filed 3/14/2025 ECF No. 73 | 4/30/2025 |
| 75 | Counter-Defendant One Motorsports Marketing and Management, LLC's Motion to Dismiss Amended Counterclaim | Filed 4/5/2025 ECF No. 90 | Notice of Non-Opposition Filed 4/4/2025 ECF No. 89<br><br>Reply Filed 4/9/2025 ECF No 91 | 4/30/2025 |

| | | | | |
|---|---|---|---|---|
| 83 | Counter-Defendant Ed Carpenter Racing, LLC's Motion for Sanctions | Filed 4/16/2025 ECF No. 104 | Notice of Non-Opposition Filed 4/14/2025 ECF No. 92 | 4/30/2025 |
| 85 | Counter-Defendant Ned Spieker's Motion to Dismiss Amended Counterclaim | No Response Filed | Notice of Non-Opposition Filed 4/17/2025 ECF No. 108 | 4/30/2025 |
| 87 | Counter-Defendant Heartland Food Products Group d/b/a TC Heartland, LLC's Motion for Sanctions | Filed 4/16/2025 ECF No. 105 | | 4/30/2025 |
| 93 | Counter-Defendant One Motorsports Marketing and Management, LLC's Motion for Sanctions | Filed 4/16/2025 ECF No. 106 | | 4/30/2025 |

*Anticipated motions:*

Plaintiffs and Counter-Defendants anticipate that, if the matter is not resolved through the pending motions or through negotiations, any remaining issues will be submitted to the Court via motions for summary judgment.

**5.   Amendment of Pleadings:**

Plaintiffs do not currently intend to amend their First Amended Complaint or add parties but reserve the right to do so. Defendants have not filed an answer but have filed a Motion to Dismiss in lieu of an answer.

**6.   Evidence Preservation:**

The Plaintiffs and Counter-Defendants confirm that their counsel have reviewed the Guidelines for the Discovery of Electronically Stored Information ("ESI Guidelines"). The

Plaintiffs and Counter-Defendants further confirm that they have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action. The parties met on April 14, 2025, and conferred regarding reasonable and proportionate steps to preserve evidence.

**7.     Disclosures:**

Plaintiffs and Counter-Defendants will fully and timely comply with Federal Rule of Civil Procedure 26(a) by serving initial disclosures on Defendants and Counterclaimants by April 23, 2025. Plaintiffs and Counter-Defendants reserve their right to amend their disclosures as additional information becomes available through investigation and in discovery.

**8.     Discovery**

No discovery has been taken to date (given the recent conference of counsel pursuant to FRCP 26(f) and several pending motions to dismiss).

*Scope of Anticipated Discovery*

In accordance with FRCP 26(f)(3)(B), the Plaintiffs and Counter-Defendants agree that discovery will be conducted on the allegations and claims contained within Plaintiffs' First Amended Complaint, and any denials and defenses thereto; and Counter-Plaintiffs' First Amended Counterclaim, and any denials and defenses thereto. The parties will not conduct discovery in phases, and the discovery will not be limited to particular issues, subject to a Protective Order entered by the Court.

*Proposed Limitations or Modifications of the Discovery Rules Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f); Electronically Stored Information:*

In all respects, discovery shall proceed in accordance with the Federal Rules of Civil Procedure. Plaintiffs and Counter-Defendants intend to submit a Protective Order for the Court's approval.

The parties have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI"). In accordance with Federal Rule 26(f)(3)(C), the parties have discussed ESI. As guiding principles, the parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of ESI. At this point, the parties anticipate that locating and producing ESI will proceed smoothly, with documents being

produced in a pdf format, unless otherwise agreed, and currently believe all ESI is reasonably accessible. The parties do not intend to enter into a Stipulated Order Regarding Electronically Stored Information.

The parties respectfully reserve their rights to modify the above by agreement between the parties or by further Order of the Court. The parties do not currently request any other orders, though they may seek additional orders as discovery proceeds and if the need arises.

9. **Class Actions:**
This is not a class action.

10. **Related Cases:**

Counsel are unaware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

11. **Relief:**

*First Amended Complaint*
*All relief sought the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Payment for all damages related to Plaintiffs' claims including:

- all time, money and resources expended by Plaintiffs in relation to Defendants' breaches of contract, in response to Defendants' disparagement and defamation and to maintain their economic relationships and contracts with the Counter-Defendants, Carpenter Racing, Heartland and Ned Spieker, including the attorneys' fees, costs and expenses for the defense of Plaintiffs, ARF1, One Motorsports, Carpenter Racing, Heartland and Ned Spieker against Counter-Plaintiffs frivolous Amended Counterclaim and for the preparation of related Motions for Sanctions.  Plaintiffs undertook the defense obligations of Carpenter Racing, Heartland and Ned Spieker in an effort to maintain Plaintiffs' economic and contractual relations with Carpenter Racing, Heartland and Ned Spieker which were and are in jeopardy as a result of Counter-Plaintiffs' breaches of contract, disparagement and defamation, and interference with economic

relationships and contracts both before and after the filing of Counter-Plaintiffs' Counterclaim and Amended Counterclaim.

- Preliminary and Permanent Injunctions prohibiting Defendants from:
    - Interfering with Plaintiffs' economic relations and contracts.
    - Defaming and disparaging Plaintiffs.
    - Disclosing confidential information of TRM and/or ARF1.
- Punitive Damages.
- Attorneys' fees, costs and expenses.

**12.   Settlement and ADR:**

The parties have discussed the available dispute resolution options provided by the Court and private entities, and Plaintiffs and Counter-Defendants prefer a Judicial Settlement Conference if the requirement for in-person attendance is excused, and the parties may appear by phone or Zoom.

Plaintiffs and Counter-Defendants prefer to discuss this ADR issue related to the Judicial Settlement Conference with Judge Orrick at the Case Management Conference.

**13.   Other References:**

Plaintiffs and Counter-Defendants contend that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.   Narrowing of Issues:**

The Parties are open to stipulating to facts relating to issues in the case though they have not yet identified the specific facts, and will continue to negotiate such stipulations as the case proceeds.

**15.   Expedited Trial Procedure:**

It is the Plaintiffs' and Counter-Defendants' position that this case is not the type that can be handled under Expedited Trial procedure of General order No. 64 Attachment A.

**16.   Scheduling:**

The parties propose the following deadlines:

| Event | Date |
|---|---|
| Completion of Initial ADR Session | July 29, 2025 (90 days from CMC) |
| Designation of Experts | July 24, 2026 (60 days after Discovery Cutoff) |
| Designation of Rebuttal Experts | September 22, 2026 (60 days after Designation of Experts) |
| Fact Discovery Cutoff, including hearings on discovery motions | May 25, 2026 (300 days after Conclusion of Initial ADR) |
| Expert Discovery Cutoff, including hearings on discovery motions | December 21, 2026 (90 days after Designation of Rebuttal Experts) |
| Last Day to File Dispositive Motions | February 19, 2026 (60 days after close of Expert Discovery) |
| Hearing of Dispositive Motions | March 26, 2026 (35 days after last day to file dispositive motions) |
| Pretrial Conference | |
| Trial | |

17. **Trial:**

If trial is necessary, the Plaintiffs and Counter-Defendants agree that a jury trial would require 10 days.

18. **Disclosure of Non-party Interested Entities or Persons:**

Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. [ECF No. 10]. Any persons, firms, partnerships, corporations (including parent corporations) or other entities known by Plaintiffs to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding include: Georgann Russell (Member of Plaintiff Team Rossi Motorsports, LLC); Dawn M. Rossi (Member of Plaintiff Team Rossi Motorsports, LLC); One Motorsports Marketing and Management, LLC (affiliate of

Plaintiffs Pieter Rossi and Alexander Rossi); MAG Racing Consultants, LLC (affiliate of Defendants Alaska Coffee Roasting of Florida, LLC, Alaska Coffee Roasting, Inc., and Michael Gesser.

Counter-Defendant ARF1 Investment Fund, LLC ("ARF1") has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. [ECF No. 81]. Any persons, firms, partnerships, corporations (including parent corporations) or other entities known by Counter-Defendant ARF1 to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding include: Plaintiffs Pieter Rossi, Defendant Michael Gesser, and Counter-Defendant Warren "Ned" Spieker.

Counter-Defendant One Motorsports Marketing and Management, LLC ("One Motorsports") has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. [ECF No. 82]. Any persons, firms, partnerships, corporations (including parent corporations) or other entities known by Counter-Defendant ARF1 to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding include: Plaintiffs Pieter Rossi and Alexander Rossi.

Counter-Defendant Ed Carpenter Racing, LLC ("Carpenter Racing") has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. [ECF No. 79]. Any persons, firms, partnerships, corporations (including parent corporations) or other entities known by Counter-Defendant Carpenter Racing to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding include: ECCO Racing LLC (Member of Carpenter Racing); Vision Racing LLC Member of Carpenter Racing); Carpenter 360LLC (affiliate of Carpenter Racing).

Counter-Defendant Heartland Food Products Group d/b/a TC Heartland, LLC ("Heartland") has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. [ECF No. 80]. Any persons, firms, partnerships, corporations (including parent

corporations) or other entities known by Counter-Defendant Heartland to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding include: Ted Gelov (owner of Heartland Consumer Products Investment Holdings LLC); Heartland Consumer Products Investment Holdings LLC (owner and parent of Heartland Consumer Products Intermediate Holdings LLC); Heartland Consumer Products Intermediate Holdings LLC (Owner of Heartland Consumer Products Holdings LLC); and Heartland Consumer Products Holdings LLC (owner of Counter-Defendant Heartland Food Products Group d/b/a TC Heartland, LLC).

Counter-Defendant Ned Spieker ("Spieker") has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. [ECF No. 96]. Any persons, firms, partnerships, corporations (including parent corporations) or other entities known by Counter-Defendant Spieker to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding include: Spieker Realty Investments (affiliate of Spieker).

**19.    Professional Conduct:**

The attorneys of record for the Plaintiffs and Counter-Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    Other:**

The Plaintiffs and Counter-Defendants are not presently aware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: April 22, 2025                    **KING & BALLOW**

                                By:    */s/Mark E. Hunt*
                                       MARIA E. SALING
                                       MARK E. HUNT *(Pro Hac Vice)*
                                       *Attorneys for Plaintiffs and Counter-Defendants*

CASE MANAGEMENT ORDER

The above PLAINTIFFS' AND COUNTER-DEFENDANTS' CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

HON. WILLIAM H. ORRICK